**Sucha SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76035.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 13, 2006.

Hector M. Roman, Jr., Esq., Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Wright, Esq., Kristin K. Edison, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Sucha Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, as the BIA elected to affirm the IJ's adverse credibility determination on the merits. *See Abebe v. Gonzales,* 432 F.3d 1037, 1041 (9th Cir.2005) (en banc) ("When the BIA has ignored a procedural defect and elected to consider an issue on its substantive merits, we cannot then decline to consider the issue based upon this procedural defect."). Reviewing for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), we grant the petition for review and remand for further proceedings.

■ First, the IJ incorrectly stated that Singh's declaration did not mention that the police required him to remove his clothes. Moreover, Singh's omission from his declaration of the police's accusation that militants came to his house is not substantial evidence supporting the adverse credibility determination. *See Aguilera–Cota v. INS,* 914 F.2d 1375, 1382 (9th Cir.1990) ("Aguilera's failure to file an application form that was as complete as might be desired cannot, without more, properly serve as the basis for a finding of a lack of credibility.").

■ Second, we conclude that Singh's inconsistent testimony that the police removed his turban during the first as opposed to the second arrest in 2002 is a minor inconsistency that does not support the adverse credibility determination. *See*

** This disposition is not appropriate for publication and may not be cited to or by the

*Osorio v. INS,* 99 F.3d 928, 931 (9th Cir. 1996).

Finally, the IJ's statement that the police would have looked for Singh's son at places other than their home is impermissible speculation. *See Guo v. Ashcroft,* 361 F.3d 1194, 1202 (9th Cir.2004).

Because the IJ relied on insufficiently supported grounds to question Singh's credibility, Singh cannot be required to provide additional corroboration. *See Marcos v. Gonzales,* 410 F.3d 1112, 1118 (9th Cir.2005).

Accordingly, we remand for the agency to consider the merits of Singh's asylum, withholding of removal, and CAT claims, accepting his testimony as true. *See INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *He v. Ashcroft,* 328 F.3d 593, 603–04 (9th Cir. 2003).

**PETITION FOR REVIEW GRANTED; REMANDED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.